3 505<br>37a 486

---

BENJAMIN P. SWAIN and SAMUEL STOWERS, plaintiffs in error, *v.* HIRAM CAWOOD, defendant in error.

*Error to Lake.*

Where a bill of exceptions does not state the whole evidence, and such as is shown in the bill is stated in an affidavit of one of the parties; and the Court, in signing the bill of exceptions, says that he does not vouch for the truth of the facts contained in the affidavit, the Supreme Court cannot judge whether the Circuit Court erred in refusing to grant a new trial.

A part failure of consideration cannot be given in evidence, under the general issue, and notice of a set off, or of an entire failure of consideration.

Where a note is given in consideration of work done under a contract, after the completion and acceptance of the work, the note is *prima facie* evidence that the work was well done, and the contract fully performed.

THIS was an action of *assumpsit* commenced by the defendant in

(1) 3 Stark. Ev. 1103 ; Jackson *v.* Browner, 18 Johns. 37.

error, against the plaintiffs in error, on a promissory note, dated at McHenry, on the 23d day of January, 1839, for the sum of three hundred and forty-four dollars and ninety-six cents, for value received, payable on the first day of June next after the date thereof; being the amount due the defendant in error, for building dam and saw-mill, on which said mill he was to have a lien until said note should be paid. The defendants below pleaded the general issue, and gave notice of a set-off for a breach of the following contract, to wit:

"Know all men by these presents, that I, Hiram Cawood, of McHenry county, State of Illinois, do agree to finish the dam and saw-mill I have commenced for Benjamin P. Swain and Samuel Stowers, as soon as they may furnish the materials, in a workmanlike manner; and we, the said Benjamin P. Swain and Samuel Stowers, do agree to pay the said Hiram Cawood, four hundred and fifty dollars, one half by the first day of June next, and the other half by the first day of January, eighteen hundred and forty. Dated at McHenry county, this twelfth day of October, 1838.

B. P. Swain,
SAM. Stowers,
Hiram Cawood."

(Signed)

They also gave notice that they should insist, on the trial, that in consequence of the non-performance of the contract, the consideration of the note had wholly failed.

The cause was tried in the Court below, at the April term, 1840, before the Hon. John Pearson and a jury. A verdict was rendered for the plaintiff for \$311,52. Judgment was entered on this verdict. The affidavit of Benjamin P. Swain, one of the defendants, stating the grounds of the action, and setting forth the evidence produced on the trial, was then filed, and the defendants moved the Court for a new trial, which was refused. The defendants tendered to the judge their bill of exceptions, which stated that the motion for a new trial was predicated on the affidavit, made by Benjamin P. Swain, which was annexed to said bill of exceptions. The judge annexed the following memorandum to the bill of exceptions, to wit: "The Court does not seal this bill of exceptions, and vouch for the truth of the facts contained in the affidavit, but as a history of the motion, and of its being overruled."

The Court, in this cause, charged the jury, " that if they believed from the evidence, there was no consideration given for the note, then the law was for the defendants; but that if they believed from the evidence, that there was a partial failure, and that the defendants received some advantage for the note, that it ought to have been pleaded, or specific notice given of it, and in such case the law was for the plaintiff. That if they believed from the evidence, that the plaintiff was guilty of any fraud in obtaining the note, or in the contract for which the note was given, and it reached the foundation of the note, and showed defendants received no benefit for

the note, then the law was for the defendants; and that the question of fraud was a question for them to try; and that a partial failure of consideration could not be given in evidence, under the general issue, or notice in this case."

J. BUTTERFIELD, for the plaintiffs in error.

G. SPRING and G. GOODRICH, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

The whole evidence given in the cause on the trial, does not appear in the record, even admitting that the deposition of one of the defendants in the action in the Court below, should be considered a part of the bill of exceptions, but which the circuit judge, in signing the exceptions, declares is not. Upon the ground, then, that all the evidence does not appear, and that such as does, is not regularly before us, we cannot undertake to judge whether the Circuit Court ought to have granted a new trial. Until the refusal of the Circuit Court to grant the motion, shall appear to have been an exercise of its discretion, not warranted by the facts appearing on the trial, we cannot grant the order asked.

We see no error in the instructions of the judge to the jury. The notice of the set off of the damages, is predicated on an express failure of the whole consideration of the note; and the principle of allowing a part failure to be given in evidence, could not have been adopted without violating the rules of evidence.

If the defendants had intended to have relied on a part failure, they should have so framed their plea or notice.

The note appears to have been given after a completion and acceptance of the work, and is *prima facie* evidence that it was well done, and in conformity to the agreement of the parties.

The pleadings, however, would not let in the defence or instructions asked; and we see no cause for disturbing the judgment. For ought that appears, the judgment has been regularly obtained. The judgment is affirmed.

*Judgment affirmed.*

*Note.* See 4 Blackf. 556, and authorities there cited, where it is held that the defendant may, under the general issue, reduce the damages by showing a part failure of consideration.